IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD ROBERSON, <br> (Former TDCJ-CID #1013595) <br><br> Plaintiff, <br><br> vs. <br><br> LONZO MCSHAN, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-02-4365 |

**ORDER**

Plaintiff Reginald Roberson, a former inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), sues the TDCJ and Lonzo McShan, a former correctional officer, alleging that while he was an inmate at the Walls Unit, McShan sexually assaulted him.

On August 25, 2004, the TDCJ moved to dismiss Roberson's federal civil rights claims on the ground that they were barred by the Eleventh Amendment. (Docket Entry No. 51). The TDCJ also moved to dismiss Roberson's claims under the Texas Tort Claims Act on the ground that this court lacked jurisdiction and that Roberson had failed to state a claim on which relief could be granted. Roberson elected to withdraw his federal claims against the TDCJ. On December 8, 2004, this court denied the TDCJ's motion to dismiss and retained jurisdiction over the remaining

state-law claims.  (Docket Entry No. 62).

The TDCJ filed an interlocutory appeal, (Docket Entry No. 66), and this court stayed the case pending the resolution.  (Docket Entry No. 73).  On November 29, 2005, the United States Court of Appeals for the Fifth Circuit dismissed the TDCJ based on the Eleventh Amendment.  This court granted the TDCJ-CID's unopposed motion to sever on January 27, 2006.  (Docket Entry No. 83).

McShan has moved to dismiss Roberson's claims for failure to exhaust administrative remedies.  (Docket Entry No. 64).  Roberson has responded.  (Docket Entry No. 65).

## I.   The Legal Standard

Title 42 U.S.C.§ 1997e  provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Supp. 1996).  Exhaustion is required, subject to certain defenses, such as waiver, estoppel, or equitable tolling.  *Wendell v. Asher,* 162 F.3d 887, 891-92 (5th Cir. 1998).  "Under the present version of § 1997e, the district court is no longer required to determine whether a prisoner . . . has reasonably and in good-faith pursued his administrative remedies." *Underwood*, 151 F.3d at 294.  The

Supreme Court recently clarified that a prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, before bringing suit in federal court. *Woodford v. Ngo,* ___ U.S. ___, 126 S. Ct. 2378, 2382 (2006).

In *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003), the Fifth Circuit stated that "[d]ismissal under § 1997e is made on pleadings without proof." *Id.* (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)). "As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal." *Id.* The issue may also be raised in a motion for summary judgment. *See, e.g., Moore v. St. Tammany Parish Jail,* 113 Fed. App'x 585, 586 (5th Cir. 2004); *Austin v. Ward,* 92 Fed. App'x 80, 82 (5th Cir. 2004); *Teixeira v. Gregg County Jail,* 74 Fed. App'x 388, 389 (5th Cir. 2003); *Ortez v. Compton,* 31 Fed. App'x 159 (5th Cir. 2001).

Roberson argues that he has alleged exhaustion with sufficient specificity, making dismissal inappropriate. Additionally, both McShan and Roberson submitted materials outside the pleadings. In such circumstances, a motion to dismiss is properly treated as one for summary judgment. 5C Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1366 (3d ed. 2004); *In re Dengel*, 340 F.3d 300, 312 (5th Cir. 2003); *see Burns v. Harris County Bail Bond Bd.*, 139 F.3d

513, 517 (5th Cir. 1998). This court finds the pleadings sufficient to deny dismissal for failure to exhaust. Even considering the materials outside the pleadings, this court denies summary judgment on the exhaustion issue.

**II.   Analysis**

The Texas Department of Criminal Justice provides a two-step procedure for presenting administrative grievances. *See Wendell v. Asher,* 162 F.3d 887, 891 (5th Cir. 1998)(citing Texas Department of Criminal Justice, Administrative Directive No. AD-03.82 (rev.1) (Jan. 31, 1997)). The Step One grievance, which must be filed within fifteen days of the challenged event, is handled within the prisoner's facility. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). After an adverse decision at Step One, the prisoner has ten days to file a Step Two grievance, which is handled at the state level. A prisoner must pursue a grievance through both steps for it to be considered exhausted. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

In his complaint, Roberson alleged that he had exhausted available administrative remedies. (Docket Entry No. 1, Complaint, p. 3). Because Roberson has alleged exhaustion with sufficient specificity, the lack of admissible evidence in the record to support this allegation does not provide a ground for dismissal under 42 U.S.C.§ 1997e. *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(citing *Underwood v.*

*Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).

Alternatively, the court notes that McShan submitted prison records showing that Roberson filed a Step One grievance on October 13, 2001, alleging a sexual assault by McShan. (Docket Entry No. 64, Defendants' Motion for Summary Judgment, Ex. A, pp. 92-93). Roberson asked for an investigation and asked to present the information to a district attorney. In response to the Step One grievance, prison officials told Roberson that it had been referred to the Office of the Inspector General for "investigation and action as deemed appropriate. Any additional response to your complaint will emanate from that investigative body." (*Id*. at 93). Roberson did not file a Step Two grievance. (Docket Entry No. 64, Defendants' Motion for Summary Judgment, Ex. B, p. 101).

Since the amendment of § 1997e, the Fifth Circuit has taken a strict approach to the requirement that Texas inmates exhaust their administrative remedies. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)(citing *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (stating that "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe

or oversee prison grievance systems")).    In *Days,* the Fifth Circuit allowed an inmate to meet the exhaustion requirement despite the fact that he had an untimely grievance. The inmate had a broken hand and could not file the grievance within the allotted time. As soon as the broken hand healed, the inmate promptly filed a Step One grievance. The Fifth Circuit found that the inmate had alleged facts that, if proven, would show that his injury actually prevented him from timely filing the grievance and that his untimely grievance was returned unprocessed. Under these circumstances, the Fifth Circuit concluded that the inmate sufficiently alleged that he had exhausted the administrative remedies personally available to him. "We, of course, do not hold that an untimely grievance in and of itself would render the system unavailable, thus excusing the exhaustion requirement. Such a holding would allow inmates to file suit in federal court despite intentionally evading the PLRA's exhaustion requirement by failing to comply with the prison grievance system." *Days,* 322 F.3d at 867-68 (citing *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999)).

The pleadings and record in this case show that on October 22, 2001, Roberson filed a Step One grievance complaining of the sexual assault and requesting an investigation. On October 30, 2001, prison officials responded that the matter would be investigated. Prison officials also told Roberson that further response would come

from the department conducting the investigation, the Office of the Inspector General. Roberson received a favorable decision from his Step One grievance; prison officials granted his request for an investigation of the allegations. Roberson was not required to file a Step Two grievance within ten days in light of the favorable response he received to the Step One grievance. The favorable response to, and ongoing investigation of, Roberson's Step One grievance made timely recourse to a Step Two grievance unavailable to him. Roberson exhausted available administrative remedies by filing a Step One grievance.

> In *Porter v. Nussle*, 534 U.S. 516, 525 (2002), the Supreme Court observed:
>
>> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. *Booth*, 532 U.S. 737, 121 S. Ct. 1819. In other instances, the internal review might "filter out some frivolous claims." *Ibid.* And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy. *See ibid.*; *see also Madigan*, 503 U.S. 146, 112 S. Ct. 1081.

*Id.* In this case, Roberson's grievance gave prison officials time and opportunity to address his complaint internally before Roberson filed this suit. The prison officials terminated McShan's employment, and he was charged with a criminal offense.

Prison officials took corrective action in response to Roberson's grievance before he filed suit. In his Step One grievance, Roberson only sought an investigation. In his complaint, Roberson seeks monetary relief. (Docket Entry No. 1, Complaint, p. 4). Roberson was not required to present his request for damages in his Step One Grievance concerning the incident. A prisoner must exhaust administrative remedies regardless of the type of relief he seeks or whether the type of relief sought is available through the applicable grievance process. *Booth v. Churner,* 532 U.S. 731, 741 (2001).

In *Booth,* 532 U.S. 731 (2001), the Supreme Court considered the meaning of the phrase "administrative remedies . . . available." The court reasoned:

> We find clearer pointers toward the congressional objective in two considerations, the first being the broader statutory context in which "available" "remedies" are mentioned. The entire modifying clause in which the words occur is this: "until such administrative remedies as are available have been exhausted." The "available" "remed[y]" must be "exhausted" before a complaint under § 1983 may be entertained. While the modifier "available" requires the possibility of some relief for the action complained of (as the parties agree), the word "exhausted" has a decidedly procedural emphasis. It makes sense only in referring to the procedural means, not the particular relief ordered. It would, for example, be very strange usage to say that a prisoner must "exhaust" an administrative order reassigning an abusive guard before a prisoner could go to court and ask for something else; or to say (in States that award money damages administratively) that a prisoner must "exhaust" his damages award before going to court for

>more. How would he "exhaust" a transfer of personnel? Would he have to spend the money to "exhaust" the monetary relief given him? It makes no sense to demand that someone exhaust "such administrative [redress]" as is available; one "exhausts" processes, not forms of relief, and the statute provides that one must.
>
>A second consideration, statutory history, confirms the suggestion that Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible.

*Id.* at 738-39. Roberson need not have asked for money in the grievance process before he could do so in court.

This court finds that Roberson has exhausted available administrative remedies concerning the alleged sexual assault. McShan is not entitled to dismissal on this basis.

## III.  Conclusion

The motion for summary judgment filed by McShan, (Docket Entry No. 64), is denied.

SIGNED on August 24, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

9