IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REGINALD ROBERSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-02-4365 |
| § | |
| LONZO MCSHAN, § | |
| § | |
| Defendant. § | |

**ORDER TO ENTER BILL OF COSTS**

On August 28, 2006, the parties consented to proceed before a United States magistrate judge, pursuant to 28 U.S.C. § 636(c), for all further proceedings, including trial and entry of final judgment. (Docket Entry #98). On December 1, 2006, the court entered a final judgment in favor of Reginald Roberson ("Plaintiff," "Roberson"). He then filed a request to enter his bill of costs, in the amount of $6553.60, on December 8, 2006.[1] (Plaintiff's Request to Enter Bill of Costs, Docket Entry # 122). Defendant Lonzo McShan ("Defendant," "McShan") has objected to Plaintiff's request, and Plaintiff was allowed to reply. (Defendant's Objection to Plaintiff's Request to Enter Bill of Costs, Docket Entry # 125); (Plaintiff's Response to Defendant's Objections to Plaintiff's Request to Enter Bill of Costs, Docket Entry # 126). Based on a review of the pleadings, the evidence, and the law, it is ORDERED that costs of court, in the amount of $6553.60, be awarded to Plaintiff Reginald Roberson.

In opposing Roberson's request, McShan argues that "Plaintiff failed to comply with Local Rule 7.1C by not including an order granting the requested relief," and that he "failed to comply

---

[1] One week later, Plaintiff re-filed his bill of costs using the standard form for the Southern District of Texas. The information is identical in both submissions. (Bill of Costs, Docket Entry # 124).

with Local Rule 7.1D, [because] the Plaintiff's request does not include a certificate of conference." (*Id*. at 1). McShan also complains that the affidavit, which is attached to Roberson's request, is "insufficient to support the award of costs," because it fails to meet the requirements of 28 U.S.C. § 1924. As a final matter, Defendant contends that the costs should be reduced or denied, because "Plaintiff only obtained a nominal victory," and, more importantly, that he is without the means to pay costs in any amount. (*Id*. at 2).

In response to these contentions, Plaintiff argues that Defendant's objection under § 1924 is "unfounded." (Plaintiff's Response at 2). On that issue, Roberson points out that his second submission, filed on this district's standard form, "states the language of section 1924 verbatim." (*Id*.). It is true that 28 U.S.C. § 1924 requires a plaintiff seeking costs, or his counsel, to file an affidavit "that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. Here, Roberson's attorney satisfied that requirement through the affidavit filed with the bill of costs. (Bill of Costs, Docket Entry # 124). Defendant's objection under § 1924, therefore, is without merit.

Plaintiff also argues that Defendant's reference to Local Rules 7.1 C-D is misplaced, because those rules apply only to "Civil Pretrial Motion Practice," and "a party's bill of costs is a post-trial matter [that] is governed by Local Rule 54.2, in addition to Federal Rule of Civil Procedure 54(d)." (Plaintiff's Response at 2). Plaintiff's assertions on this matter are likewise correct. S.D. Tex. R. 7.1 C-D. Clearly, because a bill of costs is filed only after the trial has ended, those rules are inapplicable here.

More importantly, however, as Plaintiff notes, Rule 54(d) of the Federal Rules of Civil Procedure governs this request. That Rule states that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. PROC. 54(d). Indeed, the Fifth

Circuit has recognized that "'the prevailing party is prima facie entitled to costs, . . . [and] the denial of costs [is] 'in the nature of a penalty.'" *Pacheo v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586-87 (5th Cir. 2006). Even though the explicit language of Rule 54(d) appears to give the court discretion to deny a plaintiff his costs, this circuit has observed that it "has little case law addressing this issue." *Pacheo*, 448 F.3d at 794. It has acknowledged, however, that "in other circuits, 'a wide range of reasons have been invoked to justify withholding costs from the prevailing party.'" *Id.* (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668, at 234 (1998).

The Third Circuit, in particular, has declared that "[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 464 (3d Cir. 2000). Here, Defendant avows that he is unable to pay the costs, but he has not provided any evidence to support that claim. In fact, Plaintiff has cited evidence from the deposition testimony that indicates that McShan is capable of paying them. Defendant testified that he left his previous job, with the Texas Department of Criminal Justice, to attend truck driving school so that he could make "way more money." *State v. McShan*, Reporter's Record, vol. 4 at 133:15-134:11. He further testified that, as a truck driver, he has changed jobs three times because "the money was better" in each subsequent position. (Defendant's Dep., at 13:20-22; 18.5-11). Because this evidence is uncontroverted, McShan's conclusory statement that he is unable to pay any costs, is not sufficient to rebut the presumption under Rule 54(d).

Finally, Defendant urges the court to rely on the law of other circuits to support his contention that an award of costs may be reduced or denied when the prevailing party obtained only a nominal victory. (Defendant's Objection at 2) (citing *Cantrell v. Int'l Bd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995); *Rochmond v. Southwire Co.*, 9880 F.2d 518, 520 (8 th Cir. 1992); *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959). However, as Plaintiff points out, Defendant "does not state how the specific amount of the costs taxed against [him] is inequitable under the circumstances." (Plaintiff's Motion at 3).

From a review of the costs that Roberson has requested it does not appear that any of them are unnecessary or excessive. Indeed, the greatest expense was for the transcripts of *State v. Lonzo McShan*, and the depositions of both parties. (Bill of Costs, Ex. A at 1). The court is persuaded that those costs were justifiably incurred as both parties used those transcripts to good effect at trial. Both Roberson and McShan introduced highly relevant evidence from those prior hearings. The court is satisfied that these costs were necessary and fair, and that they need not be adjusted merely because Plaintiff's "victory" was a "nominal" one. Accordingly, it is ORDERED that court costs in the amount of $6,553.60 are awarded to Plaintiff Reginald Roberson.

This is a FINAL JUDGMENT.

The Clerk of the Court shall enter this final judgment and provide a true copy to all counsel of record.

SIGNED at Houston, Texas, this 6th day of March, 2007.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**